# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| V-ME MEDIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: N24C-05-247 FWW |
| v. | ) | |
| | ) | |
| FAITH7, INC. d/b/a/ CHIMETV, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: September 11, 2024
Decided: October 18, 2024

*Upon the Motion to Dismiss of Defendant Faith7, Inc. d/b/a ChimeTV, Inc.*
**GRANTED in part and DENIED in part.**

## <u>MEMORANDUM OPINION</u>

David Holloway, Esquire, HOLLOWAY LAW LLC, 1504 N. Broom Street, Suite 1, Wilmington, DE 19806, Attorney for Plaintiff.

R. Karl Hill, Esquire, SEITZ, VAN OGTROP & GREEN, P.A., 222 Delaware Avenue, Suite 1500, Wilmington, DE, 19801, Attorney for Defendant Faith7, Inc. d/b/a ChimeTV, Inc.

**WHARTON, J.**

## I. INTRODUCTION

V-ME Media, Inc. ("V-ME") brings this action against Faith7, Inc. d/b/a ChimeTV ("ChimeTV") alleging single counts of Fraudulent Inducement (Count I), Breach of Contract (Count II), and Unjust Enrichment (Count III).[1]  V-ME and ChimeTV are media companies that entered into a contract on either October 3, 2022 or October 4, 2022.[2]  The contract required ChimeTV to pay V-ME $700,000 per year for two years, payable in installments in exchange for which V-ME was required to provide oversight, management, and the logistics of trafficking media to ChimeTV's network.[3]  V-ME alleges the ChimeTV fraudulently induced it to enter into the contract by knowingly and falsely representing that it had sufficient operating funds for two to three years while VE-M procured media for its network. Then, after the contract was executed, ChimeTV, having insufficient operating funds, defaulted on its installment payments, breaching the contract and unjustly enriching itself.

ChimeTV moves to dismiss each count.  It contends: (1) the fraudulent inducement count improperly merely replicates the breach of contract count and alleges fraud with insufficient particularity; (2) V-ME improperly bypassed

---

[1] Compl., D.I. 1.

[2] *Id.* at ₽ 2, 10.  Paragraph 2 alleges the parties entered into the contract on October 3rd.  Paragraph 10 alleges it was October 4th.  The difference is immaterial.

[3] *Id.* at ₽₽ 11-12.

contractually mandated pre-litigation notice and opportunity to cure requirements before suing for breach of contract; and (3) the unjust enrichment claim cannot exist in the presence of a formal contract.

For the reasons set out below the Court dismisses Count I – Fraudulent Inducement, but declines to dismiss Count II – Breach of Contract and Count III – Unjust Enrichment.

## II.     FACTS AND PROCEDURAL BACKGROUND

The Complaint alleges that the parties entered into a contract on October 3 or 4, 2002.[4]  The Fraudulent Inducement count alleges that prior to entering into the contract, ChimeTV, through both its President and CEO knowingly and falsely assured V-ME's CFO that its shareholders had invested around $4 million and it would be able to cover operating expenses in order to induce V-ME to enter into the contract.[5]  V-ME reasonably relied on these representations when it entered into the contract.[6] After the contract was signed ChimeTV defaulted on its installment payment obligations and the true state of its financing was exposed.[7]  V-ME was injured as a result.[8]  The Breach of Contract claim alleges that V-ME provided the services required by the contract, but ChimeTV failed to meet its payment

---

[4] *Id.* at ¶ 10.
[5] *Id.* at ¶¶ 14-19; 28-30.
[6] *Id.* at ¶ 35
[7] *Id.* at ¶¶ 19-25.
[8] *Id.* at ¶¶ 35-36.

obligations, resulting in damages to V-ME.[9]  Finally, the Unjust Enrichment count alleges that ChimeTV was enriched and V-ME was impoverished when V-ME was not compensated for the services it provided.[10]

ChimeTV moved to dismiss on August 7, 2024.[11]  V-ME responded[12] and ChimeTV replied.[13]  The motion is ripe for resolution.

### III.   THE PARTIES' CONTENTIONS

ChimeTV moves to dismiss each count.  It seeks dismissal of the Fraudulent Inducement count because, it argues, the claim of fraud is not alleged with the degree of particularity required by Superior Court Civil Rule 9(b) and because it improperly bootstraps a claim of breach of contract into a claim of fraud simply by alleging ChimeTV never intended to meet its payment obligations under the contract.[14] Turning to the Breach of Contract claim, ChimeTV faults V-ME for representing that the contract was attached to the Complaint, but failed to do so.[15] According to ChimeTV, the contract requires V-ME, prior to pursuing any legal or equitable remedies, to give ChimeTV "written notice that describes any purported default and the steps to cure after which Defendant shall have thirty (30) days from such notice

---

[9] *Id.* at ¶¶ 40-43.
[10] *Id.* at ¶¶ 45-49.
[11] Def's. Mot. to Dismiss, D.I. 12.
[12] Pl.'s Resp., D.I. 14.
[13] Def.'s Reply, D.I. 17.
[14] Def.'s Mot. to Dismiss, at ¶¶ 4-5, D.I. 12.
[15] *Id.* at ¶ 6.

to cure the default.[16] ChimeTV contends that V-ME did not comply with that provision.[17] Finally, ChimeTV argues that the Unjust Enrichment count should be dismissed because unjust enrichment claims are only available in the absence of a formal contract.[18]

In response to ChimeTV's argument that the Fraudulent Inducement claim lacks sufficient particularity, V-ME cites Paragraph 13 of the Complaint specifying the time frame in which the allegedly false statement occurred, Paragraph 14 identifying the specific individuals who made the statements, Paragraph 15 detailing the amount of money ChimeTV claimed it had to cover operating expenses, and Paragraph 20 detailing ChimeTV's admission that it did not have the funds it previously claimed to have.[19] Next, V-ME addresses ChimeTV's request to dismiss the Breach of Contract claim. It argues that "all conditions precedent to the bringing of this lawsuit have occurred," citing Paragraph 8 of the Complaint, which, according to it, at least implicitly establishes that the condition precedent of providing notice of its default to ChimeTV before bringing suit has been met.[20] V-ME also cites Paragraph 20, indicating ChimeTV was on notice of the breach, Paragraph 21 describing email communications about the breach, and Paragraph 23

---

[16] *Id.* at ¶7.
[17] *Id.*
[18] *Id.* at ¶ 8.
[19] Pl.'s Resp., at ¶ 8, D.I. 14.
[20] *Id.* at ¶ 14.

further detailing email communications regarding ChimeTV's continuing failure to make payments.[21] Finally, V-ME acknowledges that it cannot recover on both a breach of contract theory and unjust enrichment theory, but argues at this stage of the case pleading in the alternative is permissible.[22]

In reply, ChimeTV emphasizes it's argument that the Fraudulent Inducement claim bootstraps V-ME's Breach of Contract claim, an argument V-ME does not address in its response.[23] ChimeTV also disputes that Paragraphs 13 and 15 contain the specificity required to properly allege fraud.[24] Regarding the Breach of Contract claim, ChimeTV contends that the paragraphs cited by V-ME as addressing the contractual notice of breach and opportunity to cure requirements of the contract do not address those requirements adequately.[25] Finally, ChimeTV contends that V-ME's argument that the Unjust Enrichment claim is properly pled as an alternative theory of liability fails because V-ME does not challenge the validity of the formal contract.[26]

## IV. STANDARD OF REVIEW

---

[21] *Id.* at ⁋ 15.
[22] *Id.* at ⁋⁋ 17-21.
[23] Def.'s Reply, at ⁋⁋ 1-2, D.I. 17.
[24] *Id.* at ⁋⁋ 3-6
[25] *Id.* at ⁋⁋ 8-12.
[26] *Id.* at ⁋⁋ 13-16.

The Court applies the standard of review applicable to motions to dismiss under Superior Court Civil Rule 12(b)(6). A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[27] The Court's review is limited to the well-pled allegations in the complaint.[28] In ruling on a 12(b)(6) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[29] Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[30]

Superior Court Civil Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."[31] The particularity pleading standard requires a party to plead "the time, place and contents of the false representations."[32] However, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."[33] The requirement that fraud be pleaded with particularity "serves to discourage the

---

[27] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[28] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[29] *Id.*
[30] *Id.*
[31] Super. Ct. Civ. R. 9(b).
[32] *ITW Glob. Investments Inc. v. Am. Indus. Partners Capital Fund IV, L.P.*, 2015 WL 3970908, at *5 (Del. Super. Ct. June 24, 2015).
[33] Super. Ct. Civ. R. 9(b).

initiation of suits brought solely for their nuisance value, and safeguards potential defendants from frivolous accusations of moral turpitude."[34]

## V.    DISCUSSION

### A.    Count I - Fraudulent Inducement

#### 1.  Fraud is alleged sufficiently.

The Court turns first to Count I - Fraudulent Inducement.  In order to survive a motion to dismiss a fraud claim, the party asserting fraud must allege that: (1) the accused party falsely represented a material fact or omitted facts that they had a duty to disclose; (2) the accused party knew that the representation was false or made with a reckless indifference to the truth; (3) the accused party intended to induce the party asserting the fraud action to act or refrain from action; (4) the party asserting the fraud acted in justifiable reliance on the representation; and (5) the party asserting the fraud was injured by its reliance on the accused party's representation.[35]

V-ME alleges all of the elements of fraud in its Complaint.  ChimeTV only half-heartedly argues otherwise, merely stating that V-ME's allegations of fraud "do not amount to a colorable claim for common law fraud."[36]  The Court finds that the Complaint alleges all of the necessary elements of fraud.  It alleges that: (1)

---

[34] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1208 (Del.1993).

[35] *ITW Glob. Investments Inc.*, 2015 WL 3970908, at *5.

[36] Def.'s Mot. to Dismiss, at ¶ 10, D.I. 12.

ChimeTV falsely represented that it had sufficient funds on hand to cover operating expenses for two to three years;[37] (2) ChimeTV knew the representation was false;[38] (3) ChimeTV intended to induce V-ME to enter into the contract;[39] (4) V-ME acted in justifiable reliance on the representation;[40] and (5) V-ME was injured by its reliance on the representation.[41]

ChimeTV does contend more forcefully, however, that V-ME's allegations of fraud do not meet Rule 9(b)'s particularity requirements. The Court finds V-ME has met those requirements as well. The Complaint alleges the time the representations were made – in negotiations between the parties "prior to" and "leading up to" October 4, 2022.[42] While the Complaint does not specifically identify the "place" where the representations were made, identifying the physical situs where representations are made loses its force as a prophylaxis against fraud where people regularly communicate via telephone and email from anywhere in the world. In fact the physical location of counterparties to a communication may not be knowable. V-ME identifies the parties to the communications with particularity. It alleges ChimeTV's President and its CEO made the representations to V-ME's

---

[37] Compl., at ¶¶ 15, 17, 29, D.I. 1.
[38] *Id.* at ¶¶ 18, 33.
[39] *Id.* at ¶¶ 19, 30.
[40] *Id.* at ¶¶ 34.
[41] *Id.* at ¶¶ 26, 27, 35, 36.
[42] *Id.* at ¶¶ 13, 29.

9

CFO, all of whom are identified by name.[43]  The contents of the allegedly fraudulent representations also are alleged with sufficient particularity.  V-ME alleges that its CFO explained to ChimeTV's President at its CEO that "the television business is difficult, complex, and undergoing systemic challenges" and that ChimeTV "would have to have funds on-hand to cover at least two to three years of operating expenses of the television channel that Plaintiff was to service under the Contract."[44]  Both ChimeTV's President and its CEO  assured V-ME's CFO that "the Defendant's shareholders had invested around $4 million dollars, and would therefore be able to cover the operating expenses."[45] It is this particular representation, made by these particular individuals during contract negotiations leading up to October 4, 2022 that are alleged to be fraudulent.  Accordingly, the Court concludes that V-ME has met the particularity requirement of Rule 9(b).

### 2. The Fraudulent Inducement and Breach of Contract Claims are Distinguishable.

ChimeTV also challenges the Fraudulent Inducement claim on the basis that it is really a "bootstrapped breach of contract claim."[46]  V-ME does not address this argument in its response, prompting ChimeTV to ask the Court to consider the point

---

[43] *Id.* at ⁋⁋ 14, 15.
[44] *Id.* at ⁋ 14.
[45] *Id.* at ⁋ 15.
[46] Def.'s Mot. to Dismiss, at ⁋ 11, D.I. 12.

conceded.[47] The Court declines that invitation, preferring what it considers the better practice of assessing the merits of ChimeTV's argument. It is clear that a plaintiff may not merely reprise a breach of contract claim, allege fraud, and create a fraudulent inducement claim – "[U]nder Delaware law, a plaintiff 'cannot "bootstrap" a claim of fraud merely by alleging that a contracting party never intended to perform its obligations.' Nor can a plaintiff devise a claim for fraud 'simply by adding the term "fraudulently induced" to a complaint.'"[48] It is also clear that "fraud damages allegations can't simply 'rehash' the damages that were allegedly caused by the claimed breach of contract."[49] But, it is true, of course, that a fraudulent inducement claim may coexist in the same complaint with a breach of contract claim. "Delaware courts routinely recognize an exception to this 'bootstrap' rule where a plaintiff pleads 'that the Seller knew that the Company's contractual representations and warranties were false' when made."[50]

The timing of the alleged misrepresentation is crucial in distinguishing between fraudulent inducement and breach of contract.[51] The question is whether

---

[47] Def.'s Reply, at ⁋ 1, D.I. 17.

[48] *EZLinks Golf, LLC v. PCMS Datafit, Inc.* 2017 WL 1312209, *5 (Del. Super. Ct. Mar. 13, 2017) (quoting *Narrowstep, Inc. v. Onstream Media Corp,* 2010 WL 5422405, at *15 (Del. Ch. Dec. 22, 2010)).

[49] *Id.* at *7

[50] *Anschutz Corp. v. Brown Robin Cap., LLC,* 2020 WL 3096744, at *15 (Del. Ch. June 11, 2020).

[51] *EZLinks Golf, LLC* 2017 WL 1312209, at *5.

the conduct "'go[es] directly to the inducement of the contract, rather than its performance.'"[52] Taking the fraudulent inducement allegations in the light most favorable to V-ME, prior to the parties entering into the contract, V-ME told ChimeTV that it would not provide services to it if it did not have adequate operating funds.[53] Knowing that, and knowing that it had inadequate operating funds, ChimeTV, nonetheless intentionally and falsely represented to V-ME that it did have adequate funds.[54] Accordingly, the Court finds that V-ME has pleaded enough alleged pre-contract misconduct to distinguish the fraudulent inducement claim from the breach of contract claim.

### 3. The Fraudulent Inducement Claim Does Not Plead Separate Damages.

The final question on the propriety of the fraudulent inducement claim is whether it alleges separate damages from the breach of contract claim. Failure to plead separate damages is an independent ground for dismissal.[55] For the fraudulent inducement claim, the Complaint alleges V-ME is entitled to damages: (1) "as it began spending its resources on performing under the contract without being

---

[52] *Id.* (quoting *Brasby v. Morris,* 2007 WL 949485, at *7 (Del. Super. Ct. Mar. 29, 2007)).
[53] Compl., at ₱₱ 14, 30, D.I. 1.
[54] *Id.* at ₱₱ 29, 32, 33.
[55] *EZLinks Golf, LLC,* at *6 (citing *Cornell Glasgow, LLC v. La Grange Props, LLC*, 2012 WL 2106945, at *9 (Del. Super. Ct. June 6, 2012)).

compensated;"[56] and (2) "was injured by the opportunity cost of having to devote its resources to a deal that was doomed from the start," which resources "could have been used to service a good-faith contract with another company."[57] For the breach of contract claim the Complaint alleges that V-ME "sustained damages;"[58] and "caused Plaintiff to incur losses associated with credit card and/or Paypal charges."[59]

The Court perceives no difference between damages incurred as a result of V-ME "performing under the contract" and damages incurred because ChimeTV breached its payment obligations. It is the essence of a contract that the contracting parties undertake reciprocal obligations. The fact the one party was performing under the contract simply means that it was not in breach as well. In that circumstance, the performing party's remedy is breach of contract damages.

V-ME also has alleged "opportunity cost" damages. In other words, V-ME alleges that instead of wasting its resources on a deal that had no chance of success, it could have devoted its resources to deals that had the potential to be successful. However, "damages based upon lost opportunity and speculative alternatives are difficult to prove, and as a general matter, do not constitute a cognizable injury."[60]

---

[56] Compl., at ¶ 35, D.I. 1.
[57] *Id.* at ¶ 36.
[58] *Id.* at ¶ 42.
[59] *Id.* at ¶ 43.
[60] *Fin Cap, Inc v. Paynerd, LLP,* 2023 WL 5543763, at *5 (Del. Super. Ct. Aug. 29, 2023) (citing *Manzo v. Rite Aid Corp.,* 2002 WL 31926606, at *5 (Del. Ch. Dec. 19, 2002) *aff'd* 825 A.2d 239 (Del. 2003)("[A]warding money damages to compensate

Because these "opportunity cost" damages at best are speculative and uncertain, the Court does not recognize them as constituting an independent allegation of damages sufficient to support a separate claim of fraudulent inducement. Accordingly, ChimeTV's motion to dismiss Count I – Fraudulent Inducement is **GRANTED.**

## B.    Count II - Breach of Contract

ChimeTV argues that the breach of contract claim should be dismissed because V-ME did not allege that it provided ChimeTV with the contractually mandated written notice of its default and the steps necessary to cure the default within 30 days.[61]   ChimeTV further argues that, in fact, V-ME did not comply with the conditions precedent to bringing suit.[62]   On the other hand, V-ME points to Paragraph 8 of the Complaint that alleges "'all conditions precedent to the bringing of this lawsuit have occurred.'"[63]   V-ME cites other portions of the Complaint that indicate that ChimeTV was on notice of the breach.[64] Viewing the allegations of the Complaint in the light most favorable to V-ME, as it must at this stage, the Court finds that V-ME has alleged that it met all conditions precedent for bringing this

---

plaintiff for the return she could have earned elsewhere…amounts to speculation founded upon uncertainty…[P]laintiff's assertion of 'investment opportunity losses' does not, in my opinion, state a cognizable injury.")).

[61] Def.'s Mot. to Dismiss, at ¶¶ 7, 13, 14, D.I. 12.

[62] *Id.* at 7.

[63] Pl.'s Resp., at ¶ 14 (quoting the Complaint at ¶ 8), D.I. 14.

[64] *Id.* at ¶ 15.

litigation.[65]  ChimeTV's motion to dismiss Count II - Breach of Contract is **DENIED.**

## C.   Count III - Unjust Enrichment

Lastly, ChimeTV moves to dismiss V-ME's Unjust Enrichment claim, contending unjust enrichment claims are only available in the absence of a formal contract and fail to state a claim when they a premised on an express enforceable contract.[66]  V-ME agrees that it cannot recover under both a breach of contract theory and an unjust enrichment theory, but maintains that both claims should be allowed to proceed as alternative pleadings under Superior Court Rule 8(e)(2).[67]

The parties both cite *Vichi v. Koninklijke Phillips Elecs., N.V.*[68] and *Anschutz Corp. v. Brown Robin Capital,*[69] albeit with differing takeaways.  ChimeTV quotes *Vichi* for the proposition that "'a party cannot recover under a theory of unjust enrichment if a contract governs the relationship that gives rise to the unjust enrichment claim.'"[70]  Similarly, it cites *Anschultz* as generally supporting the dismissal of unjust enrichment claims as duplicative where there is an enforceable

---

[65] Of course, the development of the facts concerning V-ME's compliance with any contractual conditions precedent to litigation may result in the Court revisiting this issue later in a different context.

[66] Def.'s Mot. to Dismiss, at ¶¶ 8, 15, 16, D.I. 12.

[67] Pl.'s Resp., at ¶¶ 17-20, D.I. 14.

[68] 62 A.3d 26 (Del. Ch. 2022).

[69] 2020 WL 3096744 (Del. Ch. June 11, 2022).

[70] Def.'s Mot. to Dismiss, at ¶ 15 (quoting *Vichi* 62 A.3d at 58), D.I. 12.

contractual relationship.[71]  V-ME counters that *Vichi* was a ruling on summary judgment issued after the unjust enrichment claim had survived a motion to dismiss and the Court in *Anschultz* declined to dismiss the unjust enrichment claim notwithstanding the language cited by ChimeTV.[72]  Additionally, V-ME references Vice Chancellor Laster's reasoning in *Garfield on behalf of ODP Corp. v. Allen*[73] that a  pleading stage ruling, where all of the claims arise from a common nucleus of operative facts, is unlikely to simplify discovery or the presentation of evidence.[74] The Vice Chancellor found no utility at the early stage of the litigation in "delving into the alternative theories to assess how they may interact".[75]  Replying to V-ME, ChimeTV notes that the plaintiff in *Anschultz,* unlike V-ME, disputed the validity of the contract.[76]  In *Vichi,* as here, there was no doubt about the existence of an enforceable contract, thereby barring recovery under an unjust enrichment theory.[77] Lastly, ChimeTV points out that the Court in *Garfield* acknowledged there have been multiple Delaware decisions where the Court conducted the same analysis of

---

[71] *Id.*

[72] Pl.'s Resp., at ℙ 18, D.I. 14.

[73] 277 A.3d 296 (Del. Ch. 2022).

[74] *Id.* at 361.

[76] *Id.* at 362.

[77] Def.'s Reply, at ℙ 13, D.I. 13.

[78] *Id.* at ℙ 14.

[79] *Id.* at ℙ 15.

the potential interaction among claims at the pleading stage that ChimeTV seeks here.[78]  It contends such an analysis would be beneficial.[79]

A closer look at the Unjust Enrichment count is warranted.  First, it realleges the first 27 paragraphs of the Complaint.[80]  Those paragraphs include allegations that: (1) the parties entered into a contract on October 3 or 4, 2022;[81] and (2) the contract required ChimeTV to make installment payments totaling $700,000 per year for two years in exchange for which V-ME would provide services "described in detail under Section 4 of the Contract;"[82]  After alleging that ChimeTV was unjustly enriched and V-ME impoverished, the Complaint states, "As to this Count, if Plaintiff is barred from recovery as to Count I or Count II, there would be an absence of remedy at law."[83]

Like Schrödinger's Cat,[84] the Complaint alleges in the Unjust Enrichment count that the contract both exists and does not exist simultaneously.  But just as this

---

[80] *Id.* at ¶ 16.
[81] Compl. at ¶ 44, D.I. 1.
[82] *Id.* at ¶ 10.
[83] *Id. at* ¶ 11.
[84] *Id.* ¶ 49.
[85] Schrödinger's Cat is a thought experiment devised by the Australian physicist Erwin Schrödinger. The experiment is designed to illustrate a paradox of quantum superposition wherein a hypothetical cat may be considered both alive and dead simultaneously because its fate is linked to a random event that may (or may not) occur. The cat has a 50% chance of dying and 50% of living after an hour in an experimental box. While the cat is in the box, it is both dead and alive.

17

Court need not ponder paradoxes of quantum physics, it need not ponder the alternate theories and their interaction now. In moving to dismiss the Breach of Contract claim, ChimeTV advances the argument that all of the conditions precedent to initiating litigation had not been alleged or performed. Based on the skeletal record before it and the limitation on the Court's review to the well pleaded allegations in the Complaint, the Court declined to dismiss that count. A more well developed factual record might present ChimeTV with an opportunity to ask the Court to revisit the question of whether the conditions precedent to initiating litigation were satisfied. In that event, were the Court to bar V-ME from proceeding on its Breach of Contract claim, the viability of the Unjust Enrichment claim then would be at issue. For that reason, the Court finds the more prudent course to be to await future developments before "delving into the alternate theories to assess how they may interact." ChimeTV's motion to dismiss Count III – Unjust Enrichment is **DENIED.**

**THEREFORE**, ChimeTV's Motion to Dismiss Count I – Fraudulent Inducement is **GRANTED**; it's Motion to Dismiss Count II – Breach of Contract is **DENIED**; and it's Motion to Dismiss Count III – Unjust Enrichment is **DENIED.** **IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

18